UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
PAUL FIGUEROA,                       :     13 Civ. 4815 (GBD) (JCF)
                                     :
          Plaintiff,                 :          REPORT AND
                                     :          RECOMMENDATION
                                     :
     - against -                     :
                                     :
VERIZON BUSINESS NETWORK SERVICES,   :
INC. d/b/a VERIZON BUSINESS,         :
CYRUS DENNIS, SARAH LEHNE, and       :
PRERAK MEHTA,                        :
                                     :
          Defendants.                :
- - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:

     The defendants in this employment discrimination case move to
dismiss the complaint with prejudice on the basis of the
plaintiff's failure to participate in discovery.  For the reasons
stated below, I recommend that the motion be granted.

Background

     Only July 11, 2013, Paul Figueroa filed suit against Verizon
Business, his former employer, and the named individuals, who are
Verizon Business employees, alleging employment discrimination,
retaliation, and creation of a hostile work environment.
(Complaint ("Compl."), ¶¶ 7–9, 38–39).  The plaintiff's claims are
based in part on his protected status as a military veteran.
(Compl., ¶¶ 10, 14, 37–38).  Following the commencement of
discovery, the defendants propounded requests for documents and for

authorizations for the release of records from the plaintiff. (Rene M. Johnson Letter dated Nov. 6, 2014 ("Nov. 6 Johnson Letter"), citing Order dated Aug. 4, 2014 ("Aug. 4 Order")). Although the defendants indicate that Mr. Figueroa has provided one signed authorization for the release for his military records (Rene M. Johnson Letter dated June 12, 2014 ("June 12 Johnson Letter") at 2 n.2), they emphasize that he has refused to furnish signed authorizations for the release of additional records as required by various court orders. (Nov. 6 Johnson Letter at 2; Rene M. Johnson Letter dated Aug. 27, 2014 ("Aug. 27 Johnson Letter") at 1). Additionally, the defendants have argued that Mr. Figueroa made false statements during his deposition about his military background and circumstances surrounding his termination from Verizon, and thus failed to participate in good faith in the discovery process. (June 12 Johnson Letter at 1-2). The plaintiff's response has been merely to deny the allegations of perjury (Thomas Ricotta Letter dated June 23, 2014 ("June 23 Ricotta Letter") at 1), to state that he has no military or business records in his possession, and to argue that he has already provided "ample verbal information as to [his] military background" and work history (Undated Compliance Response to Order August 4, 2014 by Paul X Figueroa ("Compliance Response") at 1; June 23 Ricotta Letter at 2 n.2). Given that Mr. Figueroa has put

his military service at issue in this matter, the defendants are entitled to records related to this background.  Nonetheless, the plaintiff has persisted in hindering the defendants' access to records that are clearly relevant to his claim and thus discoverable.

A. <u>Previous Orders</u>

On August 4, 2014, I issued an order directing the plaintiff to produce all outstanding documents requested by the defendants and to complete the requested authorizations by August 18, 2014. (Aug. 4 Order, ¶ 2).  My order was in response to the defendants' request for sanctions in the form of costs and fees related to their investigation of the plaintiff's alleged false statements during his deposition.  (June 12 Johnson Letter at 1-2, 5).  The defendants noted that the plaintiff also  continued to withhold certain business records.  (June 12 Johnson Letter at 2 n.2). Plaintiff's counsel denied the defendants' allegations, stated that Mr. Figueroa was not in control of the business records sought, and argued that the records were in any case irrelevant.  (June 23 Ricotta Letter at 1, 2 n.2).  I denied the application for sanctions, but warned the plaintiff that in the event that the defendants' allegations were proven on summary judgment or at trial, he would be held responsible for the fees and costs incurred in investigating any false claims.  (Aug. 4 Order, ¶ 1).

However, on the August 18 deadline, plaintiff's counsel submitted a letter notifying the Court that Mr. Figueroa had terminated him as counsel, and requesting a 60-day stay in the case to give Mr. Figueroa an opportunity to secure alternate counsel. (Thomas Ricotta Letter dated Aug. 18, 2014 ("Aug. 18 Ricotta Letter") at 1). The defendants then submitted a letter requesting that the plaintiff's complaint be dismissed with prejudice. (Aug. 27 Johnson Letter at 1). They stated that they still had not received "all of the outstanding documents they have repeatedly requested . . . [or the] signed authorizations for the release of additional records." (Aug. 27 Johnson Letter at 1). I issued an order the following day (1) granting the application of plaintiff's counsel to be relieved in this matter; (2) staying the action until October 15, 2014, and stipulating that if Mr. Figueroa did not obtain new counsel by that date, he was to inform the Court of that fact and provide his personal contact information; and (3) directing the plaintiff to answer the defendants' application to dismiss the complaint by October 31, 2014, whether he had counsel or not. (Order dated Aug. 28, 2014 ("Aug. 28 Order"), ¶¶ 1-3).

On October 15, Mr. Figueroa, appearing pro se, sent a letter to the Court stating that he was still seeking counsel to represent him. (Paul Figueroa Letter dated Oct. 15, 2014 ("Oct. 15 Figueroa Letter") at 1). He did not, however, include his address and

telephone number as directed in the Aug. 28 Order.  (Aug. 28 Order, ¶ 2).  Two weeks later, the plaintiff advised the Court that he had retained the services of counsel.  (Paul Figueroa Letter dated October 29, 2014 ("Oct. 29 Figueroa Letter") at 1).  By the October 31 deadline, however, the plaintiff had not filed a response to the defendants' application to dismiss the complaint.  (Nov. 6 Johnson Letter at 1-2).  Consequently, the defendants renewed their request to dismiss Mr. Figueroa's complaint due to his failure to comply with the Aug. 28 Order.  (Nov. 6 Johnson Letter at 1).  On November 21, the defendants submitted an updated letter notifying the Court that their attempts to send the Nov. 6 Johnson Letter to the new counsel indicated by plaintiff in his October 29 letter had failed. (Rene M. Johnson Letter dated November 21, 2014 ("Nov. 21 Johnson Letter") at 1).  The defendants noted that the letter had been returned to their office after four attempts at delivery via Federal Express, and that they were re-sending it via regular mail. (Nov. 21 Johnson Letter at 1).  As of today, however, no one has entered an appearance on behalf of the plaintiff in this matter, and the defendants' application to dismiss the complaint remains unanswered.

<u>Discussion</u>

If a "party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue

further just orders." Fed. R. Civ. P. 37(b)(2)(A). Such orders
may include staying further proceedings until the order is obeyed,
dismissing the action in whole or in part, and rendering a default
judgment against the disobedient party. Fed. R. Civ. P.
37(b)(2)(A); see also Aqiwal v. Mid Island Mortgage Corp., 555 F.3d
298, 302 (2d Cir. 2009) (noting that party's failure to comply with
court-ordered discovery may result in terminating sanctions); Daval
Steel Products v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991)
("When a party seeks to frustrate [discovery] by disobeying
discovery orders, thereby preventing disclosure of facts essential
to an adjudication on the merits, severe sanctions are
appropriate."). Indeed, "[e]ven in the absence of a discovery
order, a court may impose sanctions on a party for misconduct in
discovery under its inherent power to manage its own affairs."
Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99,
106-07 (2d Cir. 2002); accord Hawley v. Mphasis Corp., 302 F.R.D.
37, 46 (S.D.N.Y. 2014).

Sanctions under Rule 37 of the Federal Rules of Civil
Procedure serve a three-fold purpose: (1) to ensure that a party
will not benefit from its failure to comply; (2) to obtain
compliance with the Court's orders; and (3) to deter non-
compliance, both in the particular case and in litigation in
general. Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67,

71 (2d Cir. 1988); accord Aliki Foods, LLC v. Otter Valley Foods, Inc., 726 F. Supp. 2d 159, 178 (D. Conn. 2010); Abreu v. City of New York, 208 F.R.D. 526, 529 (S.D.N.Y. 2002).  Harsh sanctions such as dismissal are reserved for extreme situations.  See Agiwal, 555 F.3d at 302; see also Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) (noting that "the severity of sanction must be commensurate with the non-compliance").

District courts have "wide discretion in imposing sanctions under Rule 37." Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (internal quotation marks omitted).  When determining the appropriate sanction to impose, courts in this Circuit weigh several factors, including "(1) the willfulness of acts underlying noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of noncompliance; and (4) whether the noncompliant party was on notice that it faced possible sanctions." Sentry Insurance A Mutual Co. v. Brand Management, Inc., 295 F.R.D. 1, 5 (E.D.N.Y. 2013) (citing Agiwal, 555 F.3d at 302-03); Peterson v. Apple Inc., No. 12 Civ. 6467, 2013 WL 3963456, at *2 (S.D.N.Y. Aug. 1, 2013).  None of these factors alone is dispositive. SEC v. Razmilovic, 738 F.3d 14, 25 (2d Cir. 2013) (noting that "these factors are not exclusive, and they need not each be resolved against the [sanctioned] party" to justify the imposition of sanctions).

A. <u>Willfulness</u>

When evaluating willfulness, courts consider whether the discovery order at issue was clear, whether the party to be sanctioned understood the order, and whether non-compliance was due to "factors beyond the party's control." <u>In re Fosamax Products Liability Litigation</u>, No. 06 MD 1789, 2013 WL 1176061, at *2 (S.D.N.Y. March 21, 2013). "[A] party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." <u>Handwerker v. AT & T Corp.</u>, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (internal quotation marks omitted); <u>see also</u> <u>Baba v. Japan Travel Bureau International</u>, 111 F.3d 2, 5 (2d Cir. 1997) (finding dismissal under Rule 37(b) "was perfectly appropriate" where record demonstrated plaintiff's "repeated defiance of the district court's orders"). My August 4, 2014 and August 28, 2014 orders were indisputably clear. The first directed the plaintiff to "produce all outstanding documents requested by defendants and [to] execute and return the authorizations requested by defendants" by August 18, 2014 (Aug. 4 Order, ¶ 2), and the second ordered the plaintiff to "answer the defendants' application to dismiss the complaint" by October 31, 2014 (Aug. 28 Order, ¶ 3). Although plaintiff's counsel requested an extension of the August 18 discovery deadline (Aug. 18 Ricotta Letter at 1), the plaintiff also failed to meet the revised deadline. Mr. Figueroa's

8

"Compliance Response," which did not include any documents or signed authorizations, was clearly inadequate to comply with his discovery obligations. (Compliance Response at 1-2). Additionally, at no point did Mr. Figueroa himself or through counsel request an extension of the October 31 deadline for responding to the defendants' application for sanctions. In his Compliance Response, the plaintiff appears to justify his failure to produce the ordered discovery merely by arguing that documents related to his military service should be requested directly from the Department of Defense. (Compliance Response at 1). Even assuming that he correctly stated the procedure for obtaining his military records, Mr. Figueroa failed to address the discovery requests regarding his employment history and the demand for signed authorizations for release of records. Thus, the plaintiff has not demonstrated that compliance was not "fully within [his] control." Baba v. Japan Travel Bureau International, 165 F.R.D. 398, 403 (S.D.N.Y. 1996), aff'd, 111 F.3d 2 (2d Cir. 1997). Instead, the plaintiff's reliance on the "verbal information" he provided to the defendants (Compliance Response at 1) and his continued failure to respond to the application to dismiss the complaint indicate that his non-compliance with my August 4 and August 28 orders is willful, which weighs in favor of imposing severe sanctions. See Silva v. Cofresi, No. 13 Civ. 3200, 2014 WL 3809095, at *3

9

(S.D.N.Y. Aug. 1, 2014).

    B. <u>Efficacy of Lesser Sanctions</u>

    The defendants here seek case-terminating sanctions.  (Nov. 6
Johnson Letter at 1-2).  They note Mr. Figueroa's "blatant refusal
to comply with the Court's [August 28] order" despite having almost
90 days to comply and his repeated disregard of discovery
obligations.  (Nov. 6 Johnson Letter at 2).  The defendants also
argue that the plaintiff's pattern of untimely compliance with
discovery has led to three extensions of deadlines in this matter.
(Nov. 6 Johnson Letter at 2).  It is well-established that courts
should always seek to impose "the least harsh sanction" that will
remedy the discovery violation and deter future violations.
<u>Hawley</u>, 302 F.R.D. at 46 (internal quotation marks omitted); <u>accord</u>
<u>R.F.M.A.S., Inc. v. So</u>, 271 F.R.D. 13, 24 (S.D.N.Y. 2010).  Severe
sanctions such as dismissal and default judgment are to be applied
sparingly, where no other sanction will suffice.  <u>See</u> <u>Agiwal</u>, 555
F.3d at 302.  Nonetheless, courts are "not required to exhaust
possible lesser sanctions before imposing dismissal [] if such a
sanction is appropriate on the overall record."  <u>Southern New</u>
<u>England Telephone Co.</u>, 624 F.3d at 148.  Even if the defendants had
not expended time and money seeking the discovery at issue, the
Second Circuit has "consistently rejected the 'no harm, no foul'
standard for evaluating discovery sanctions."  <u>Id.</u> 148-49 (noting

10

Rule 37 sanctions are intended to protect parties from prejudice but also to penalize and deter misconduct).

Mr. Figueroa has engaged in a pattern of delay and failure to participate in the discovery process that persists to this day. His record of non-compliance includes his refusal to produce the ordered documents and signed authorizations, or to adequately explain this refusal, his continuing lack of response to the defendants' application to dismiss the complaint, and his failure to request an extension in his October 29 letter despite the looming October 31 deadline (which he acknowledged).  Despite the fact that the defendants have been seeking to dismiss this action since August 27, 2014, as a sanction for his non-compliance with discovery, Mr. Figueroa continues to flout my order to respond.  It therefore appears that terminating sanctions are the least harsh sanction to remedy the discovery violation here and deter similar conduct generally.  See e.g. Urbont v. Sony Music Entertainment, No. 11 Civ. 4516, 2014 WL 6433347, at *3-4 (S.D.N.Y. Nov. 6, 2014) (finding "deliberate and persistent noncompliance" with discovery rendered lesser sanctions futile); see also Nelligar v. Clarkson, No. 10 Civ. 743, 2011 WL 6224591, at *4-5 (S.D.N.Y. Dec. 14, 2011) (dismissing complaint where plaintiff intentionally failed to provide adequate medical releases in violation of court-ordered discovery).

C. Duration of Non-Compliance

In determining appropriate Rule 37(b) sanctions, courts in this Circuit have found a party's "noncompliance for a period of several months sufficient to warrant dismissal." Urbont, 2014 WL 6433347, at *3 (collecting cases). The plaintiff's non-compliance with discovery requests appears to date back to 2013. The defendants requested records and releases relating to Mr. Figueroa's military service in their first request for document production in October 2013. (June 12 Johnson Letter at 2 n.2). The first court order directing the plaintiff to produce the discovery in question was issued on August 4, 2014; he has since missed the original August 18 deadline (see Aug. 4 Order, ¶ 2), the August 22 extended deadline (see Aug. 18 Order), and now the twice-extended October 31 deadline (see Aug. 28 Order, ¶ 3; Nov. 6 Johnson Letter). The plaintiff's long-standing refusal to comply with discovery obligations, both before and after the court orders, also weighs in favor of sanctions. See e.g. Embuscado v. DC Comics, 347 F. App'x 700, 701 (2d Cir. 2009) (dismissal appropriate where plaintiff violated court orders requiring document production over three-month period); Gurvey v. Cowan, Liebowitz & Lathman, P.C., No. 06 Civ. 1202, 2014 WL 715612, at *6 (S.D.N.Y. Feb. 25, 2014) (finding non-compliance that "has lasted months and is still ongoing" weighed in favor of sanctions); Peña v. Chocolate, No. 10

Civ. 4067, 2012 WL 3957474, at *4 (S.D.N.Y. Sept. 10, 2012) (noting plaintiff's continuing lack of response to discovery demands weighed in favor of dismissal); <u>Martin v. City of New York</u>, No. 09 Civ. 2280, 2010 WL 1948597, at *1-2, 4 (S.D.N.Y. May 11, 2010) (dismissing action where interrogatory responses still outstanding one month after court-ordered deadline, and two and one-half months after initial deadline).

    D. <u>Notice of Possible Sanctions</u>

    Although Mr. Figueroa has at times been unrepresented during this case, even <u>pro se</u> litigants are "not immune to dismissal as a sanction for noncompliance with discovery orders." <u>Agiwal</u>, 555 F.3d at 302. Dismissal may be appropriate where a <u>pro se</u> litigant has received sufficient notice that non-compliance can result in terminating sanctions. <u>Id.</u>; <u>accord</u> <u>Masi v. Steely</u>, 242 F.R.D. 278, 285 (S.D.N.Y. 2007). The plaintiff in this case has been aware of his duty to comply with discovery since the Aug. 4 Order, which denied without prejudice to renewal the defendants' request for sanctions in the form of costs and fees. (Aug. 4 Order, ¶ 1). The defendants' application to dismiss the complaint because of Mr. Figueroa's failure to comply with discovery orders has been pending since August 27, 2014. (Aug. 27 Johnson Letter at 1). In my Aug. 28 Order, I made it clear that responding to the defendants' application to dismiss the action was imperative. (Aug. 28 Order,

13

¶ 3).  Mr. Figueroa has written to the Court at least twice since then referencing the pending request to dismiss the complaint and the Oct. 31 deadline for response, indicating his awareness of the possibility of dismissal.  (<u>See</u> Oct. 15 Figueroa Letter at 1; Oct. 29 Letter at 1).  On November 6, the defendants reiterated their request for dismissal due to the plaintiff's continuing failure to comply with his discovery obligations and to respond to their application for sanctions.  (Nov. 6 Johnson Letter at 2).  As a result, I am satisfied that the plaintiff had adequate notice that he faced the possibility of dismissal if he continued to ignore his discovery and litigation obligations.  This factor therefore favors the imposition of case-terminating sanctions.  <u>See e.g.</u> <u>Urbont</u>, 2014 WL 6433347, at *4 (default judgment warranted where party had notice of possible consequences of refusal to participate in discovery but persisted in non-compliance and failed to challenge motion for sanctions).  Accordingly, the defendants' application for sanctions should be granted, and the complaint should be dismissed with prejudice.

<u>Conclusion</u>

For the foregoing reasons, I recommend that the defendants' application to dismiss the plaintiff's complaint be granted. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have

fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable George B. Daniels, Room 1310, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       December 5, 2014

Copies transmitted to:

Paul Figueroa
Pro Se
PXF65@AOL.COM

Rene M. Johnson, Esq.
Ashley J. Hale, Esq.
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540