UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

PAUL FIGUEROA,

                Plaintiff,

    -against-

VERIZON BUSINESS NETWORK SERIVCES,
INC., d/b/a VERIZON BUSINESS,
CYRUS DENNIS, SARAH LEHNE, and
PRERAK MEHTA,

                Defendants.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

13 Civ. 4815 (GBD) (JCF)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Paul Figueroa brought this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the New York State Executive Law, Human Rights Law, § 290, *et seq.*; and the New York City Administrative Code § 8-101, *et seq.*, against Defendants Verizon Business Network Services, Inc. and its employees Cyrus Dennis, Sarah Lehne, and Prerak Mehta (collectively, "Defendants"). Plaintiff seeks to recover damages related to claims of employment discrimination, hostile work environment, and retaliation. (*See* Compl. ¶¶ 38-40, ECF No. 1.) Defendants requested by letter that the Complaint be dismissed, with prejudice, due to Plaintiff's failure to participate in discovery and comply with court orders. (*See* ECF Nos. 28, 31.)[1] Before this Court is Magistrate Judge James C. Francis IV's December 5, 2014 Report and Recommendation ("Report"), in which he recommended that this Court grant Defendants' letter application. (ECF No. 33.) Magistrate Judge Francis's Report is

---

[1] Defendants initially submitted their request by letter dated August 27, 2014, which they renewed by letter dated November 6, 2014.

1

adopted in its entirety. Defendants' application to dismiss is GRANTED.

## Relevant Facts

On August 4, 2014, Magistrate Judge Francis issued an order ("August 4 Order") directing Plaintiff to comply with Defendants' outstanding discovery requests by August 18, 2014 (ECF No. 23); however, Plaintiff failed to respond by this date. Instead, on August 18, 2014, Plaintiff's counsel advised the court that he had been terminated and requested a sixty-day stay to allow Plaintiff to retain new counsel. (ECF No. 26.) Defendants subsequently filed a letter request to dismiss this action due to Plaintiff's noncompliance with the August 4 Order. (ECF No. 28.) On August 28, 2014, Magistrate Judge Francis issued an order ("August 28 Order") (i) relieving Plaintiff's counsel; (ii) staying the action until October 15, 2014, at which point Plaintiff was to provide the court with his address and telephone number if he had not retained counsel; and (iii) directing Plaintiff to respond, with or without counsel, to Defendants' letter application to dismiss by October 31, 2014. (ECF No. 29.) By facsimile dated October 15, 2014, Plaintiff, appearing *pro se*, indicated that he was still searching for new counsel, but he failed to comply with the August 28 Order by not providing an address or telephone number. (*See* ECF No. 36.)[2] Plaintiff subsequently informed the court by facsimile on October 29, 2014 that he had retained new counsel (*see* ECF No. 37),[3] but neither he nor any new counsel responded to Defendants' letter application by the October 31, 2014 deadline. As a result, Defendants renewed their request to dismiss the Complaint by letter dated November 6, 2014. (ECF No. 31.) To date, no attorney has appeared

---

[2] The October 15, 2014 facsimile indicated that Plaintiff's email address is PXF65@aol.com. (*See* ECF No. 36 at 2.)

[3] According to Plaintiff, he "retain[ed] the attorney services of Frank A. Wharton, Esquire" with offices "located at: 494 Flatbush Avenue, Brooklyn, New York, 11225." (*See* ECF No. 37.) Mr. Wharton did not file a notice of appearance in this case.

2

on Plaintiff's behalf in this action following the issuance of the August 28 Order, and no response to Defendants' application to dismiss the Complaint has been filed.

## Standard of Review

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quotation omitted).

Magistrate Judge Francis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 14-15);[4] *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No party objected to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

## Imposition of Sanctions under Rule 37

Where a party fails to obey a court's discovery order, Federal Rule of Civil Procedure 37 authorizes the court to "issue further just orders," such as "dismissing the action or proceeding in

---

[4] A copy of the Report was sent to Plaintiff electronically at his PXF65@aol.com email address. (*See* Report at 15.)

whole or in part." Fed. R. Civ. P. 37(b)(2)(A). "[D]istrict courts possess wide discretion in imposing sanctions under Rule 37." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007) (internal quotation marks and citation omitted). "[A]ll litigants, including *pro ses*, have an obligation to comply with court orders . . . ." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (per curiam) (quotation omitted). In exercising the court's discretion under Rule 37, several factors are considered, including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . non-compliance." *World Wide Polymers, Inc., v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012). No single factor is dispositive, and each factor need not weigh against the sanctioned party for the sanction to be appropriate. *See id.* Moreover, "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Agiwal*, 555 F.3d at 302 (internal quotation marks and citation omitted). As discussed below, all four of the above-mentioned factors weigh in favor of dismissing this action, in accordance with Magistrate Judge Francis's recommendation.

A.  Willfulness

"Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." *Doe v. Delta Airlines, Inc.*, No. 13 Civ. 6287 (PAE), 2015 WL 798031, at *8 (S.D.N.Y. Feb. 25, 2015) (quotation omitted). Here, Magistrate Judge Francis's August 4 Order and his August 28 Order unmistakably informed Plaintiff to: respond to outstanding discovery requests, advise the court of Plaintiff's new counsel or contact information,
4

and respond to Defendants' letter application to dismiss this case. (*See* ECF Nos. 23, 29.) Plaintiff did not meet the deadlines contained in these orders, although his subsequent submissions to the court evidence his understanding of their contents.[5] As there has been no showing that Plaintiff's noncompliance was due to factors beyond his control, Magistrate Judge Francis correctly found that Plaintiff's willful noncompliance weighs in favor of imposing sanctions in this case. *See Doe*, 2015 WL 798031, at *8; (Report at 8-9).

B.  Efficacy of Lesser Sanctions

"[A] court should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future." *Doe*, 2015 WL 798031, at *9. However, a "district court is not required to exhaust possible lesser sanctions before imposing dismissal . . . if such a sanction is appropriate on the overall record," and "deliberate and persistent noncompliance will render lesser sanctions inappropriate." *Urbont v. Sony Music Entm't*, No. 11 Civ. 4516 (NRB), 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014) (quotations and internal alterations omitted). As described in the Report, Plaintiff "has engaged in a pattern of delay and failure to participate in the discovery process that persists to this day." (Report at 11.) Defendants have sought since August 27, 2014 to dismiss this case due to Plaintiff's noncompliance. (*See* ECF No. 28.) Plaintiff has failed to meet his discovery obligations and has also not provided Magistrate Judge Francis or this Court a sufficient justification for his noncompliance, let alone any response to the pending application to dismiss this case. As a result of Plaintiff's "deliberate and persistent noncompliance," *see Urbont*, 2014 WL 6433347, at *3, Magistrate Judge Francis

---

[5] In an undated "Compliance Response" to the August 4 Order, Plaintiff did not produce the relevant documents or authorizations to release records, nor did he adequately justify his failure to produce the ordered discovery. (*See* ECF No. 38; Report at 8-9.) In addition, Plaintiff's (untimely) notice to the court of his new counsel demonstrates he was aware of the August 28 Order. (*See* ECF No. 37.)

correctly determined that lesser sanctions would insufficiently address and deter the discovery violations in this case. (*See* Report at 11.) This factor therefore weighs in favor of imposing the sanction of dismissal.

C.  Duration of Noncompliance

The period of noncompliance in this case has been lengthy, lasting over one year. (*See* Report at 12 (noting Defendants' first request for document production was sent in October 2013).) Indeed, more than six months have passed since the issuance of the August 4 Order and August 28 Order. *See Agiwal*, 555 F.3d at 303 (affirming dismissal of action where the plaintiff defied the magistrate judge's orders "over a span of approximately six months"). The record therefore supports Magistrate Judge Francis's conclusion that the duration of Plaintiff's noncompliance weighs in favor of imposing sanctions under Rule 37. (*See* Report at 12-13.)

D.  Notice of Possible Sanctions

Plaintiff has been represented by counsel and has proceeded as a *pro se* litigant at times in this case. It is clear that "[d]ismissal of a *pro se* litigant's action may be [an] appropriate" sanction under Rule 37 "so long as a warning has been given that non-compliance can result in dismissal." *Agiwal*, 555 F.3d at 303 (quotation omitted). Magistrate Judge Francis's August 28 Order clearly directed Plaintiff to "answer defendants' application to dismiss the complaint." (ECF No. 29.) In subsequent submissions, Plaintiff acknowledged his responsibility to comply with this order and his awareness that he faced the possibility of dismissal. (*See* ECF No. 36 (October 15, 2014 facsimile noting "the extension date of October 31, 2014 . . . [to] respond to Defendants' request to dismiss the Complaint); ECF No. 37 (October 29, 2014 facsimile noting the "opportunity to respond to Defendants' request to [dismiss] the above-captioned matter").) Plaintiff has failed to comply with the August 28 Order and he has not filed any objections to this Report. Therefore,

the Report properly concluded that Plaintiff has had adequate notice of the consequences of his noncompliance, and this last factor also weighs in favor of dismissal. (*See* Report at 14.)

## Conclusion

Magistrate Judge Francis's recommendation to grant Defendants' letter application to dismiss this case is adopted in full. Defendants' application to dismiss the Complaint is GRANTED. The instant action is DISMISSED. The Clerk of the Court is directed to close this case.

Dated: New York, New York
       March 17, 2015

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge